IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VERONICA DELPH                                                      PLAINTIFF

v.                          No. 4:17-cv-542-DPM

UNIVERSITY OF ARKANSAS FOR
MEDICAL SCIENCES and MELVIN
KIRKWOOD, Assistant Manager, UAMS                    DEFENDANTS

ORDER

UAMS and Kirkwood (a former supervisor) move to dismiss Delph's two remaining claims—race-based discrimination, and retaliation, on the job. Delph has sued under Title VII and the Arkansas Civil Rights Act.

**Parties.** As the Court should have noted on screening, UAMS is not a proper defendant; it is part of the University of Arkansas system. *UAMS v. Adams*, 354 Ark. 21, 24, 117 S.W.3d 588, 590 (2003). UAMS is therefore dismissed without prejudice. Delph hasn't specified whether she's suing Kirkwood in his individual capacity or his official capacity. In this circumstance, the law considers her suit to assert only official-capacity claims. *E.g., Murphy v. Arkansas*, 127 F.3d 750, 754–55 (8th Cir. 1997). And an official-capacity claim against a supervisor is the functional equivalent of a claim against the employer. *Baker v. Chisolm*, 501 F.3d 920, 925 (8th Cir. 2007).

**Title VII.** Delph's complaint states official-capacity Title VII claims for race discrimination and retaliation, through Kirkwood, against her employer, the University of Arkansas system. Aside from the pleading point, no Title VII claims exist against Kirkwood personally, anyway, because he didn't employ Delph. *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691–92 (8th Cir. 1997) (*per curiam*).

**ACRA.** Delph's claims under the Arkansas Civil Rights Act fail. Again, as pleaded these are official-capacity claims through Kirkwood against the employer seeking only damages. Sovereign immunity bars those claims. *Walker v. Arkansas Dep't of Correction*, 669 Fed. App'x 335, 336 (8th Cir. 2016) (*per curiam*). Arkansas law allows a retaliation claim against Kirkwood individually. *Calaway v. Practice Management Services, Inc.*, 2010 Ark. 432, 2010 WL 4524659 (2010). But Delph hasn't pleaded one. Her ACRA claims are dismissed without prejudice.

**Plausibility.** The Court stands by its previous decision that Delph's claims are plausible. № 6. Delph is *pro se* and faces a Rule 12(b)(6) motion. The Court must therefore construe her amended complaint liberally; accept her factual allegations as true; and make all reasonable inferences in her favor. Delph says Kirkwood harassed her and treated her differently from similarly situated, white employees. She says he gave her co-workers breaks at their scheduled times, and allowed them to go home early, but didn't allow Delph to do the same.

And a few months after filing an EEOC charge, she was fired. The Court appreciates the Defendants' good arguments; but they're asking too much of Delph on this fledgling record.

* * *

Motion, № 11, partly granted and partly denied. Only the Title VII claims for race discrimination and retaliation go forward.

So Ordered.

*DPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

21 February 2018