IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

VERONICA DELPH                                          PLAINTIFF

v.                          No. 4:17-cv-542-DPM

MELVIN KIRKWOOD,
Assistant Manager, UAMS                                DEFENDANT

## ORDER

Veronica Delph worked as a cashier in the UAMS cafeteria for
nearly two years before she was fired. Delph's dispute is with the
University of Arkansas system, by way of an official capacity claim
against Melvin Kirkwood, her UAMS supervisor. Kirkwood says
Delph was fired for attendance problems. Delph says she was fired
because of her race and because she filed an EEOC charge alleging
discrimination. Kirkwood moves for summary judgment on Delph's
two remaining Title VII claims—race discrimination and retaliation.
The Court considers the facts, where genuinely disputed, in the light
most favorable to Delph. *Woods v. DaimlerChrysler Corporation*, 409 F.3d
984, 990 (8th Cir. 2005). Neither of her claims presents a jury question
because she has not met Kirkwood's proof with contrary proof that
would support a verdict for her. *Conseco Life Insurance Co. v. Williams*,
620 F.3d 902, 909 (8th Cir. 2010).

There's no direct evidence of race discrimination, so the familiar *McDonnell Douglas* burden-shifting framework applies. *Gibson v. American Greetings Corporation*, 670 F.3d 844, 853–54 (8th Cir. 2012). The Court assumes Delph has made a *prima facie* case. Kirkwood has articulated a legitimate, nondiscriminatory reason for firing her: Delph's violation of UAMS's attendance policy by being absent without excuse, or late, too many times in a twelve-month period. *№ 41-3 at 3.* And Delph hasn't shown that this reason was a pretext for discrimination. *Schaffhauser v. United Parcel Service, Inc.*, 794 F.3d 899, 904 (8th Cir. 2015). She says that Kirkwood disciplined and treated her more harshly because of her race, *№ 49 at 4,* but she hasn't shown that Kirkwood treated similarly situated white employees differently. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874–75 (8th Cir. 2010). Delph also says that Kirkwood failed to follow policies when disciplining her, *№ 49 at 6.* But there's no proof that he "was more likely motivated by race than by [Delph's attendance problems]." *Schaffhauser*, 794 F.3d at 904.

Delph's retaliation claim fails, too. Delph engaged in protected conduct—filing an EEOC charge—and suffered an adverse employment action. No evidence connects the two, though. *Bunch v. University of Arkansas Board of Trustees*, 863 F.3d 1062, 1069 (8th Cir.

2017). A reasonable juror could not conclude that, but for Delph's EEOC charge, she would not have lost her job.

*   *   *

Kirkwood's motion for summary judgment, № 41, is granted. Delph's motion to dismiss and for deposit, № 49, is denied. Delph's Title VII race discrimination and retaliation claims against Kirkwood will be dismissed with prejudice.

So Ordered.

_D.P. Marshall Jr._
D.P. Marshall Jr.
United States District Judge

10 July 2019